UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHRISTOPHER LAMONT WARNER**,          Case Number 3:17 CV 207

    Plaintiff,

    v.                                                  Magistrate Judge James R. Knepp II

**COMMISSIONER OF SOCIAL SECURITY**,

    Defendant.                      MEMORANDUM OPINION AND ORDER

## INTRODUCTION

Pending before the Court is Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), seeking $3,022.25 in fees. (Doc. 21). Defendant, the acting Commissioner of Social Security ("Commissioner"), did not oppose the motion. (Doc. 22). For the reasons discussed below the undersigned grants the motion, but in the amount of $2,901.05.

## PROCEDURAL BACKGROUND

Prior to the instant motion, on March 31, 2014, Plaintiff filed an application for supplemental security income ("SSI") alleging disability as of February 17, 2014. (Tr. 206-11). Plaintiff's application was denied initially, and upon reconsideration. (Tr. 137-45; 149-53). Plaintiff filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). (Tr. 154-56). On October 19, 2015, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 42-97). On December 3, 2015, the ALJ issued a written decision in which he found Plaintiff not disabled. (Tr. 13-36). On November 28, 2016, the Appeals Council denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner. (Tr. 1-7); 20 C.F.R. §§ 416.1455, 416.1481.

Plaintiff then filed a complaint with United States District Court. (Doc. 1).[1] Following the Commissioner's Answer (Doc. 11), and filing of the administrative Transcript (Doc. 12), Plaintiff filed his brief on the merits (Doc. 15). In it, he alleged the ALJ: 1) failed to properly give good reasons for rejecting a treating psychiatrist's opinion, and 2) did not consider the combination of all of Plaintiff's impairments, rendering the residual functional capacity determination not based on substantial evidence. (Doc. 15). Two and one-half months later, the parties filed a joint motion to remand. (Doc. 18). The undersigned granted that motion, and remanded the case. (Docs. 19, 20).

## THE EQUAL ACCESS TO JUSTICE ACT

Under normal circumstances, each party is responsible for its own legal fees. *Scarborough v. Principi,* 541 U.S. 401, 404 (2004). However, because paying for one's own legal fees can make litigation cost prohibitive, the EAJA exists to encourage lay people to seek review of unreasonable government action without fear of the substantial cost that litigation can entail. The EAJA provides, in pertinent part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

In this case it is undisputed that Plaintiff is a prevailing party because this Court issued a sentence-four remand based on the parties' joint motion. *Shalala v. Schaefer*, 509 U.S. 293, 301 (1993). Neither side contends that special circumstances make an award unjust. As such, Plaintiff

---

1. The parties consented to the undersigned exercise of jurisdiction in accordance with 28 U.S.C. § 636(c) and Civil Rule 73. (Doc. 14).

is entitled to attorney's fees and additional expenses if the government's position was not substantially justified.[2]

*Substantial Justification*

The government's position is "substantially justified" if it had "a reasonable basis in both law and in fact" or was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 564-65 (1988). The government's "position" includes both the underlying action and the government's litigation position. 42 U.S.C. §2412(d)(2)(D); *Delta Eng'g v. United States,* 41 F.3d 259, 261 (6th Cir. 1994). The burden of showing substantial justification rests upon the agency. *Scarborough v. Principi,* 541 U.S. 401, 414-15 (2004).

Here, Plaintiff argues the Commissioner's decision was not substantially justified. The Commissioner bears the burden of proving its position was substantially justified; she has not met that burden because she did not object to Plaintiff's motion. The Commissioner also agreed to a sentence-four remand. (Doc. 18). By agreeing to remand, and not objecting to the instant motion, the Commissioner essentially conceded her position below was not substantially justified. Thus, the sole issue is whether a fee above the statutory maximum is warranted in this case.

*Amount of Fees and Award*

The EAJA provides that attorney fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). To determine the appropriate hourly rate for calculating attorney fees under the EAJA, the Court must initially determine the prevailing market rate for the kind and

---

2. It is also undisputed that Plaintiff's application is timely, *see Shalala*, 509 U.S. at 298, and Plaintiff meets the financial eligibility requirements of EAJA, *see* Docs. 3 & 6 (*in forma pauperis* application and order granting application).

quality of services furnished. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The prevailing market rate is the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "In requesting an increase in the hourly-fee rate [under the EAJA], Plaintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (citing *Blum*, 465 U.S. at 898). Decisions to adjust the hourly rate based on increases in the cost of living are left to the discretion of the district court. *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992).

Here, Plaintiff seeks an award at an hourly rate of $196.25. In support, Plaintiff submitted: 1) a statement of hours expended by counsel (Doc. 21-1); 2) a March 2013 decision by District Judge James G. Carr discussing the hourly rate for attorneys in Toledo, Ohio (Doc. 21-2); 3) an Affidavit from counsel describing his experience in social security cases (over 30 years, and approximately 95% of his practice), and his typical hourly rate of $300.00 per hour (Doc. 21-3); 4) the Bureau of Labor Statistics Consumer Price Index ("CPI") for All Urban (Doc. 21-4); 5) the Ohio State Bar Ohio State Bar Association's *The Economics of Law Practice in Ohio*—Desk Reference for 2010 (Doc. 23-1); and 6) an Affidavit of Daniel J. Steinbock in Support of Application for Attorney's Fees, describing on a 2010 study he undertook on behalf of Advocates for Basic Legal Equality, Inc. ("ABLE") to determine prevailing rates for attorneys in Toledo, Ohio (Doc. 23-2).

This Court and others in the Northern District of Ohio have previously found similar evidence sufficient to support an increase in fees. *See, e.g.*, *Britton v. Comm'r of Soc. Sec.*, 2016 WL 1732934, at *2 (N.D. Ohio); *Vasquez v. Astrue*, 2012 WL 3637676, at *1-3 (N.D. Ohio); *Rodriguez v. Astrue*, 2012 WL 2905928, at *5-6 (N.D. Ohio). The undersigned will therefore grant

4

Plaintiff's request, with one minor adjustment. Plaintiff attaches—and depends on for his calculation—the CPI for "All Urban". *See* Doc. 21, at 6. The undersigned has previously granted increases in fees based on the CPI for "Midwest Urban", *see*, *e.g.*, *Dorsey v. Comm'r of Soc. Sec.*, 2016 WL 1047202, at *2 (N.D. Ohio), and finds the "Midwest Urban" CPI to be a more appropriate point of comparison for determining the historical increase in cost of living in Ohio, *see, e.g.*, *Mohr v. Comm'r of Soc. Sec.*, 2013 WL 557176, at *3 (N.D. Ohio) (Midwest Urban CPI is "reasonable and perhaps most accurate as it represents the cost of living increase on a local basis") (internal citations and quotations omitted). Therefore, the undersigned grants Plaintiff's motion for attorney's fees at an increased rate, but at an hourly rate of $188.38, rather than $196.25.[3]

Taking into account the evidence provided, the previous decisions of my colleagues, the facts of this case, and particularly the fact that the Commissioner has not challenged Plaintiff's request, the Court finds Plaintiff has shown the increased rate falls within the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895 n.11. The Court therefore grants Plaintiff's request for increased fees at an hourly rate of $188.38, for a total award of $2,901.05.[4]

---

3. This figure was reached by comparing the Midwest Urban CPI in March 1996 when the EAJA statute was adopted (151.7) to the February 2017 (the month in which the work was performed) Midwest Urban CPI (228.633). U.S. Dep't of Labor, Bureau of Labor Statistics, *Consumer Price Index*, *All Urban Consumers (CPI-U), Midwest*, available at https://www.bls.gov/regions/midwest/data/ConsumerPriceIndexHistorical_Midwest_Table.pdf (last visited December 22, 2017). This leads to an inflation factor of 1.507, which, when multiplied by the $125 statutory rate, produces the calculated hourly rate of $188.38. This is the same calculation performed by Plaintiff, just based on the Midwest Urban CPI, rather than the "All Urban" CPI.

4. The Court has reviewed the hours expended by Plaintiff's attorney and finds them to be reasonable. *See Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 420 (6th Cir. 1990) ("It is the opinion of this Court that the average number of hours for an attorney to work on a social security case ranges from 30 to 40 hours."). Again, Defendant has not contested the reasonableness of the hours submitted.

**CONCLUSION**

Following review, the undersigned GRANTS Plaintiff's Motion for Attorney Fees in the amount of $2,901.05, representing 15.4 hours at $188.38 per hour.

IT IS SO ORDERED.

s/James R. Knepp, II
United States Magistrate Judge